UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DIBON SOLUTIONS, INC.,          §
                                §
        Plaintiff,              §
                                §
v.                              §          CIVIL ACTION NO. 3:08-CV-0097-B
                                §
CHUGACH ALASKA CORPORATION      §
                                §
        Defendant.              §

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (doc. 4). After review of the motion and briefing, the Court **GRANTS** the motion.

## I. BACKGROUND

Plaintiff Dibon Solutions, Inc. ("Dibon") is a corporation organized under California and authorized to do business in Texas. Dibon has an office in Carrollton, Texas. Defendant Chugach Alaska Corporation ("Chugach") is a corporation organized under the laws of Alaska and has a primary place of business in Alaska. Chugach does not have an office or place of business in Texas and is not registered to do business in Texas.

On July 12, 2005, Dibon and Chugach entered into a contract ("the Contract") for Dibon to provide consulting and software development services to Chugach for Chugach's 401k reconciliation plans. The contract negotiations took place in person in Alaska and via telephonic and electronic communications. No person-to-person meetings between Dibon and Chugach ever took place in Texas. In August 2005, the Contract was executed in Alaska by Millicent Carr, the

Chugach Director of Corporate Acquisition Policy and Jon Winthrop, the Dibon Vice-President of Global Consulting. The Contract is the first and only one between Dibon and Chugach.

In relevant part, the Contract identifies the Dibon, "having its principal place of business at 310 K Street, Suite 200, Anchorage, Alaska" as the "SELLER" and Chugach, "having its principal place of business at 560 E. 34th Avenue, Anchorage, Alaska," as the "BUYER" and stipulates that the "BUYER" and "SELLER" agree to the terms and conditions of the Contract. Contract Preamble, Pl. App. 5. The Contract requires Alaska law to "govern the validity, construction, interpretation and effect of this Contract." Contract ¶ 9, Def. App. 5. However, there is no forum selection clause. Nowhere in the contract is work required to be performed in Texas but one of Chugach's requirements for the contractual work was that it be completed offsite. According to the Contract's Schedule C Assumption, "[a]ll development work will be done at the offeror's (Dibon's) offices. Chugach is very limited in its available office space and availability cannot be assumed." Pl. App. 12.

After making some initial payments for services, Chugach did not pay Dibon's October 2005, November 2005 and January 2006 invoices. The aggregate outstanding balance is $141,750.00. Apparently, Chugach took issue with the pace of Dibon's programmers, sent a notice to cure to Dibon but ultimately hired another company to complete the 401k reconciliation work. Dibon then completed the rest of the work prior to the end of the cure period and sent a demand letter to Chugach regarding the outstanding balance. Chugach, apparently deeming the Contract had been terminated with Dibon, refused to pay.

Accordingly, on December 13, 2007, Dibon filed the instant action in the state district court for Dallas County. On January 22, 2008, Chugach removed the action to this Court and, on January

29, 2008, filed a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). That motion is now ripe for consideration.

## II. ANALYSIS

### A. Legal Standards

The plaintiff bears the burden of proof to show that a nonresident defendant is subject to the Court's jurisdiction. However, when, as here, no evidentiary hearing is held, a plaintiff need only establish a *prima facie* case of jurisdiction; proof by a preponderance of the evidence is not required. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999); *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). After the *prima facie* case is made, the defendant bears the burden to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewics*, 471 U.S. 462, 477 (1985).

The Court's focus is "the relationship among the defendant, the forum and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984); *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008). A single act, like a contract, may be sufficient to confer personal jurisdiction, but that single act must create "a substantial connection" as opposed to an attenuated one with the forum. *Burger King Corp.*, 471 U.S. at 475-76.

In deciding the jurisdictional issue the Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The plaintiff's uncontroverted, nonconclusional allegations are accepted as true, and all controverted allegations are resolved in plaintiff's favor. *Stroman Realty*, 513 F.3d at 482; *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865,

868 (5th Cir. 2001).

In establishing jurisdiction, two preconditions must be met: (1) the nonresident must be amenable to service of process under Texas's long-arm statute; and (2) the assertion of jurisdiction over the nonresident must comport with the Due Process Clause of the Constitution. *Jones*, 954 F.2d at 1067. Because Texas's long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the Individual Defendants is constitutionally permissible. *Id.* at 1067-68 (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). To meet the federal constitutional test of due process, two elements must be satisfied: (1) the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it should reasonably anticipate being haled into court there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *Jones*, 954 F.2d at 1068.

The "minimum contacts" test can be met by contacts giving rise to either general or personal jurisdiction. *Gundle Lining Constr. Corp. v. Adams County Asphalt Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). "General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co. v. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999) (citation omitted). Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Id.* (citation omitted); *see also Gustafson v. Provider Healthnet Services, Inc.*, 118 S.W.3d 479, 482 (Tex. App.-Dallas 2003) (recognizing Texas long-arm statute extends jurisdiction over parties doing business in Texas). In either context, the Court considers the totality of the circumstances in conducting the minimum contacts analysis; no single factor is

determinative. *Stroman Realty*, 513 F.3d at 484; Stuart *v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

**B.     Specific Jurisdiction**

Because Plaintiffs impliedly concede that there is no general jurisdiction over Chugach,[1] the Court will focus its attention on specific jurisdiction.  Dibon must show that the Chugach's contacts with Texas arise from or are directly related to the asserted breach of contract claim.  *See Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001) (finding sufficient minimum contacts by to justify personal jurisdiction based on telephone conversations with plaintiff investor).

*1.     Minimum Contacts*

Dibon asserts Chugach has the requisite minimum contacts with this forum because of the nature of the work to be performed.  Dibon points to the Schedule C Assumption that "[a]ll development work will be done at the offeror's (Dibon's) offices.  Chugach is very limited in its available office space and availability cannot be assumed."  Taking those terms, Dibon reasons that the contemplated office was Dibon's Carrollton office because no development work could be performed at Dibon's Anchorage sales office. Chugach counters that the Contract does not expressly call for work to be done in Texas, it has no direct contact with Texas and points to the choice of law clause for Alaskan  state law to apply.

Upon review, the Court finds that Dibon has not established a *prima facie* case for specific jurisdiction over Chugach even taking the nonconclusional assertions in Winthrop's affidavit as true.

---

[1] Dibon presents no contention or evidence that Chugach has had "continuous, systematic and substantial contract" with Texas.  The Court will therefore not address whether it may have general personal jurisdiction over Chugach.

The Court first notes the overall dearth of purposeful contact Chugach has had with Texas. It is an Alaskan corporation doing business with a California corporation with offices in places, among others, in Anchorage, Alaska and Carrollton, Texas. Chugach does not even do any regularly conducted business in Texas in any other context. The Contract terms are likewise illuminating. It lacks any express reference to Texas, identifies the Buyer and Seller as Alaska business entities and calls for the application of Alaska state law to apply to any contract claim. *See Freudensprung v. Offshore Technical Svcs.*, 379 F.3d 327, 345 (5th Cir. 2004) (recognizing contract term for application of English law and other material terms involving West Africa "severely diminished" alleged minimum contacts).

*Hydrokinetics, Inc. v. Alaska Mechanical, Inc.* 700 F.2d 1026 (5th Cir. 1983) best illustrates the Court's conclusion. There, the court noted that the choice of law clause, coincidentally calling for the application of Alaska state law, the lack of any regularly conducted business in Texas and the terms of the contract evinced the lack of sufficient minimum contracts. *Id.* at 1029. This was so *despite* the fact that the parties agreed for the goods to be manufactured in Texas, payment for goods was to be made in Texas, extensive communication took place between the parties in Texas and Alaska respectively, officers of the defendant traveled to Texas to close the deal and the contract was executed in Texas. *Id.* at 1028-29. Compared to the defendant's contacts in *Hydrokinetic* with Texas, which were much stronger than Chugach's, the Court finds no specific jurisdiction exists over Chugach. That Winthrop was in his Carrollton office when negotiating the terms and conditions of the Contract is, by itself and in context with the totality of the circumstances, insufficient to establish minimum contacts. *See id.* (noting "extensive communications" between parties in Texas and Alaska).

Dibon's logical extrapolation that, if developmental work had to be done off-site and the Carrollton office, not the Anchorage sales office, did developmental work, then *a priori* Chugach has the requisite minimum contacts with Texas, has some appeal. However, as Chugach points out, it is their actions, not Dibon's unilateral actions, that are the focus of the Court's minimum contracts inquiry. *See, e.g., U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760, 763 (Tex. 1977) ("The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum State.") (citations omitted); *see also Gustafson*, 118 S.W. 3d at 484 (finding some contact with forum necessarily created with Texas but still insufficient to support specific jurisdiction). Dibon could have easily selected, hypothetically, an office in New Jersey, but Chugach would still lack the sufficient minimum contacts with that state as well. This is fundamentally different than the actions by the defendant in *Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 382 (5th Cir. 2003) who sought to establish a contractual relationship with a Texas corporation to transport freight cargo or the contract in *Dockery v. America's Platinum Privileges*, 2004 WL 1196067, at *5 (N.D. Tex. May 28, 2004), in which Judge Lynn found that the nature and circumstances of the contract created substantial connection between the defendant and Texas.

2. *Fair Play and Substantial Justice*

Even assuming *arguendo* minimum contacts existed, the Court finds that it would be unreasonable for the it to exercise personal jurisdiction over Chugach. The relevant factors to consider are: (1) the burden on the nonresident defendant to litigate in the forum; (2) the forum state's interest in the matter; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the several states'

shared interest in furthering substantive social policies. *Stroman Realty,* 513 F.3d at 487. Here, the Court finds that Texas residents and the Texas judicial system have little interest in a resolving a contractual dispute over 401k reconciliation work between an Alaska corporation and California corporation, particularly when the Contract calls for the application of Alaskan law. *Compare Lewis,* 252 F.3d at 359 (noting Texas had interest in providing forum for injured Texas investor). In addition, while Dibon's interest in securing relief is an important consideration, Dibon will have ample opportunity to resolve its contractual dispute in Alaska, a state in which Dibon and Chugach both have offices and where the parties executed the Contract.

## III. CONCLUSION

For the foregoing reasons, Chugach's motion is GRANTED. The Court dismisses the action without prejudice for lack of personal jurisdiction over Chugach.

**SO ORDERED.**

**SIGNED June 10, 2008**


_____
**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**